IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01294-DME-MEH

FRANK A LYNCH,

       Applicant,

v.

HOYT BRILL, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

       Respondents.

---

## RECOMMENDATION FOR DISMISSAL

---

       Applicant has pending before this Court an Application for a Writ of Habeas Corpus

Pursuant to 28 U.S.C. § 2254 ("Application") (Docket #2).  Respondents have filed their Answer

(Docket #10), together with certain documents from the state appellate proceedings appended as

exhibits.  Applicant has not submitted a traverse in this regard, but has requested that the record

be supplemented (Docket #12).   Under the provisions of 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P.

72, this matter has been referred to me for Recommendation on dispositive matters and for ruling

on nondispositive matters.  Based on the record contained herein, I **recommend** that the

Application be denied and that this matter be dismissed, with prejudice.  Based upon this

recommendation, Applicant's request to supplement the record will be separately denied.

       The parties are advised that they shall have ten (10) days after service hereof to serve and

file any written objections in order to obtain reconsideration by the District Judge to whom this

case is assigned.  FED. R. CIV. P. 72.  The party filing objections must specifically identify those

findings or recommendations to which the objections are being made.  The District Court need

not consider frivolous, conclusive or general objections.  A party's failure to file such written

objections to proposed findings and recommendations contained in this report may bar the party

from a de novo determination by the District Judge of the proposed findings and

recommendations.  *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. §

636(b)(1).  Additionally, the failure to file written objections to the proposed findings and

recommendations within ten (10) days after being served with a copy may bar the aggrieved party

from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the

District Court.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656,

659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

## FACTS

Applicant is a state prisoner in Colorado, and he has filed a *pro se* Application challenging

his 2004 state court conviction in the El Paso County District Court.  Applicant alleges that

following a mistrial on charges against him, he pled guilty to one count of aggravated robbery.

Under the terms of the plea agreement which was reached in this regard, on March 11, 2004, the

Applicant was sentenced to 20 years with the Colorado Department of Corrections ("CDOC").

He did not file a direct appeal of his conviction or sentence.  Later that year, however, the

Applicant did file a motion for postconviction relief under Colo. R. Crim. P 35(c), arguing that his

sentence was illegal because it was rendered in violation of the Supreme Court's decisions in

*Apprendi v. New Jersey*, 530 U.S. 466 (2000) and  *Blakely v. Washington*, 542 U.S. 296 (2004),

because sentence enhancements applied to him were not pleaded or proved to a jury.

Additionally, the Applicant argued that because he was not advised of his rights under *Apprendi*

2

and *Blakely*, his plea was not knowingly, voluntarily, and intelligently made.  He also argued that

his sentence was suppose to run concurrently with a federal sentence, but that the trial court failed

to put that information into the mittimus.  The trial court denied the postconviction motion, and

the denial was upheld on appeal to the Colorado Court of Appeals.  The Colorado Supreme Court

denied certiorari.

On July 5, 2006, the Applicant filed his Application for federal habeas relief in this Court.

In his Application, the Applicant designates only one claim.  He argues that his sentence is in

violation of his Sixth and Fourteenth Amendment rights because it was enhanced without proof of

aggravating elements.  The Applicant cites solely to the opinion in *Blakely* as authority for his

claim.  In their Answer, the Respondents generally deny the Applicant's allegations, but concede

that the Applicant has exhausted his state court remedies with regard to the claim that he raises

and that the Application is timely.  Respondents argue, however, that the claim lacks merit, and

that the Application should therefore be dismissed.  Specifically, the Respondents contend that the

Applicant is not entitled to relief as a matter of federal habeas law because Applicant's sentence

became final prior to *Blakely* being issued, and that decision has not been made retroactive.

Respondents also argue that Applicant's sentence cannot be reviewed under *Apprendi* (which the

Applicant has not specifically raised in this Court, but can be inferred from his Application), and

contend that the determination of the state court of appeals to affirm Applicant's sentence neither

contradicts nor is an inherently unreasonable application of U.S. Supreme Court case law.

Applicant proceeds in this action *pro se*.  As a *pro se* litigant, Applicant's filings are

entitled to liberal construction by this Court.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be the

*pro se* litigant's advocate.  *Hall*, 935 F.2d at 1110.

## DISCUSSION

### I.    Standard of Review.

In the course of reviewing state criminal convictions in federal habeas corpus proceedings, a federal court does not sit as a super-state appellate court.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Pulley v. Harris*, 465 U.S. 37, 41 (1984).  "When a federal district court reviews a state prisoner's habeas [application] pursuant to 28 U.S.C. § 2254 it must decide whether the [applicant] is 'in custody in violation of the Constitution or laws or treaties of the United States.'  The court does not review a judgment, but the lawfulness of the [applicant's] custody *simpliciter*."  *Coleman v. Thompson*, 501 U.S. 722, 730 (1991).  The exhaustion of state remedies requirement in federal habeas cases dictates that a state prisoner must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  Accordingly, based on denial of certiorari review by the Colorado Supreme Court in Applicant's case, habeas review in this Court is concerned with the proceedings in the Colorado Court of Appeals which was the final substantive proceedings in the state appellate review process.

The Antiterrorism and Effective Death Penalty Act  ("AEDPA") applies to all federal habeas applications filed after the AEDPA's effective date of April 24, 1996, regardless of when the state proceedings occurred.  *See Trice v. Ward*, 196 F.3d 1151, 1158 (10th Cir. 1999); *Moore v. Gibson*, 195 F.3d 1152, 1163 (10th Cir. 1999).  Under AEDPA, an applicant is entitled to federal habeas relief only if he can establish that the state court decision was "contrary to, or

involved an unreasonable application of, clearly established Federal law, as determined by the

Supreme Court of the United States," or was "based on an unreasonable determination of the

facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1)-

(2); *see, also, Hale v. Gibson*, 227 F.3d 1298, 1309 (10th Cir. 2000).

> As the Supreme Court recently stated:

> A state-court decision is contrary to . . . clearly established precedents if it applies
> a rule that contradicts the governing law set forth in [Supreme Court] cases, or if it
> confronts a set of facts that is materially indistinguishable from a decision of [the
> Supreme] Court but reaches a different result.  A state-court decision involves an
> unreasonable application of this Court's clearly established precedents if the state
> court applies this Court's precedents to the facts in an objectively unreasonable
> manner.

*Brown v. Payton*,  544 U.S. 133, 125 S.Ct. 1432, 1438-39 (2005) (internal citations omitted).

"Avoiding these pitfalls does not require citation of [Supreme Court] cases – indeed, it

does not even require awareness of [those] cases, so long as neither the reasoning nor the result

of the state-court decision contradicts them."  *Early v. Packer*, 537 U.S. 3, 8 (2002).  So, when a

state court adjudicates a federal issue relying solely on a state standard that is at least as favorable

to the applicant as the federal standard, the reviewing court may presume an adjudication on the

merits and apply AEDPA deference.  *See Harris v. Poppell*, 411 F.3d 1189, 1196 (10th Cir.

2005).

Factual findings made by the state trial and appellate courts are presumed correct, with the

applicant having the burden of rebutting this presumption by clear and convincing evidence.  28

U.S.C. § 2254(e)(1); *Darks v. Mullin*, 327 F.3d 1001, 1007 (10th Cir. 2003).  "[W]hether a state

court's decision was unreasonable must be assessed in light of the record [that court] had before

it."  *Holland v. Jackson*, 542 U.S. 649, 651-52 (2004) (*per curiam*) (citations omitted).

Even if the state court adjudication was contrary to or involved an unreasonable application of clearly established federal law, unless the error is a "structural defect[ ] in the constitution of the trial mechanism, which def[ies] analysis by harmless-error standards," *Brecht v. Abrahamson*, 507 U.S. 619, 629 (1993), the harmless error standard of *Brecht* and *O'Neal v. McAninch*, 513 U.S. 432 (1995), must be applied.  *See Herrera v. Lemaster*, 301 F.3d 1192, 1200 (10th Cir. 2002).   Under *Brecht,* habeas relief is not proper unless the error had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht*, 507 U.S. at 623.   *O'Neal* addresses the situation where a court is in "grave doubt" about the likely effect of the error on the jury's verdict – that is, where "the matter is so evenly balanced that [the court] feels [itself] in virtual equipoise as to the harmlessness of the error." *O'Neal*, 513 U.S. at 435.   In such a case, *O'Neal* instructs a court to treat the error "as if it had a substantial and injurious effect or influence in determining the jury's verdict." *Id.* (quoting Brecht, 507 U.S. at 623).

## II.     Discussion.

To begin the analysis of this matter, the Court notes that the applicability and continued vitality of Supreme Court precedent is a pure question of law.  *See, e.g., United States v. Barbosa*, 271 F.3d 438, 452 (3rd Cir. 2001); *United States v. Rogers*, 228 F.3d 1318, 1321 (11th Cir. 2000), abrogated on other grounds by *United States v. Sanchez*, 269 F.3d 1250 (11th Cir. 2001).  Therefore, the Application can be granted in this case only if the adjudication of the Applicant's sole claim before this Court resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States.  28 U.S.C. § 2254(d)(1).  Because the claim raised by the Applicant is purely

6

a question of law, there is no basis for analysis of whether the state court's decision was an unreasonable determination of the facts in light of the evidence presented under 28 U.S.C. § 2254(d)(2).

Next, as correctly noted by the Respondents, the Applicant's "claim can only be reviewed under *Apprendi* because *Blakely* is not retroactive to convictions that became final before *Blakely* was announced." ANSWER TO APPLICATION FOR WRIT OF HABEAS CORPUS, Docket #10, p. 8; s*ee, also, United States v. Price*, 400 F.3d 844 (10ᵗʰ Cir. 2005). Applicant's conviction became final on or about April 26, 2004; *Blakely* was decided on or about June 24, 2004. Therefore, Applicant's reliance on *Blakely* affords him no relief.

Further, any reliance on *Apprendi* would be mistaken. In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490 (emphasis added). Applicant claims that his constitutional rights were violated because his sentence was "enhanced" without proof of the aggravating elements. *See* APPLICATION, Docket #2, p. 5. The United States Supreme Court has reiterated that under *Apprendi*, it is clear that "[i]f a State makes an increase in a defendant's authorized punishment contingent on the finding of a fact, that fact - no matter how the State labels it - must be found by a jury beyond a reasonable doubt." *Ring v. Arizona*, 536 U.S. 584, 602 (2002) (emphasis added).

Here, Applicant pled guilty to aggravated robbery under Colo. Rev. Stat. § 18-4-302(1)(b). *See* APPLICATION, Docket #2, p. 2 and ANSWER TO APPLICATION FOR WRIT OF HABEAS CORPUS, Docket #10, Exh. B, ¶. 1-2. Under Colorado law, aggravated robbery under

7

this particular section is a per se crime of violence. *See, generally,* COLO. REV. STAT. §§ 18-4-302(3)&(4) and 18-1.3-406(2); *see, also, Terry v. People*, 977 P.2d 145, 150 (Colo. 1999). "Per se" means inherently or unconnected with other matters. BLACK'S LAW DICTIONARY 1142 (6th ed. 1990). Therefore, the mere commission of this crime subjects the person who commits it to "the modified presumptive sentencing range specified in section 18-1.3-401(10)." COLO. REV. STAT. § 18-4-302(3). Additionally, the trial court "<u>shall</u> sentence the defendant in accordance with the provisions of section 18-1.3-406." COLO. REV. STAT. § 18-4-302(4) (emphasis added). In this regard, the Court of Appeals for the Tenth Circuit has opined that "no additional fact-finding" is required for increased sentencing in connection with the enumerated crimes which are per se crimes of violence, and that a defendant who pleads guilty to such a crime exposes himself to the mandatory sentence provided by the Colorado statutes. *See Vogt v. Novak*, 2005 WL 2767165 (10th Cir. 2005) (unpublished opinion).

Under the total applicable statutory provisions in this regard, the Applicant was subject, without any additional fact-finding, to a sentencing range of ten to thirty-two years. *See* COLO. REV. STAT. §§ 18-1.3-406 & 18-1.3-401(10)(b)(IX). Applicant's sentence of 20 years falls well below the statutory maximum to which the Applicant was exposed. Unlike *Apprendi*, the Applicant here received a sentence to which he was exposed by the charge to which he pled guilty[1], i.e., aggravated robbery under Colo. Rev. Stat. § 18-4-302(1)(b). Therefore, *Apprendi* is

---

[1]Although not raised as a separate claim, nor specified as part of the single claim presented in his Application, the Applicant does argue in his Motion to Supplement Record (Docket #12) that he was never advised of his rights under *Apprendi* and *Blakely*, and therefore, his plea was not knowingly or intelligently made. As found by the Colorado Court of Appeals, and demonstrated by the analysis in this Recommendation, because *Apprendi* and *Blakely* are not applicable in this instance, the Applicant's constitutional rights were not violated when the trial court did not advise him of his rights under those cases before accepting his plea. *Cf. Stinson v.*

inapplicable to this case.  The postconviction decision of the Colorado Court of Appeals, which reached the same conclusion, *see* APPLICATION, Docket #2, p. 16 (attached state appellate opinion), was neither incorrect or objectively unreasonable.  Accordingly, review in this Court of Applicant's claim under the standard of 28 U.S.C. § 2254(d)(1) is not warranted and federal habeas relief cannot be granted.

## III.    Conclusion.

In viewing the merits of the Applicant's claim, Applicant is not entitled to relief in this Court under 28 U.S.C. § 2254.  Pursuant to Rule 8 of the rules governing section 2254 proceedings, no evidentiary hearing is required.

Based upon the foregoing analysis, and the entire record herein, I hereby **recommend** that the Application [Filed July 5, 2006; Docket #2] be **denied**, and that this case be dismissed with prejudice.

Dated at Denver, Colorado, this 31st day of January, 2007.

BY THE COURT:

 s/ Michael E. Hegarty

Michael E. Hegarty
United States Magistrate Judge

---

*Turner*, 473 F.2d 913, 916 (10th Cir. 1973) (*Boykin v. Alabama*, 395 U.S. 238 (1969) does not require the state court to enumerate all of the rights a defendant waives, as long as the record indicates that the plea was entered voluntarily and understandingly).