IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01294-DME-MEH

FRANK A. LYNCH,

      Applicant,

v.

HOYT BRILL; ATTORNEY GENERAL OF THE STATE
OF COLORADO,

      Respondents.

ORDER ON MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
DATED JANUARY 31, 2007

      This matter is before the Court on the Magistrate Judge's Report and Recommendation dated January 31, 2007.  (Docket #15.)  The Magistrate Judge recommended denying Applicant Frank Lynch's application for habeas relief, see 28 U.S.C. § 2254, from the twenty-year sentence he received on a 2004 Colorado conviction for aggravated robbery, and dismissing Lynch's § 2254 petition with prejudice.  Lynch timely filed objections to that report and recommendation.  (Docket # 17-19.)  Based on the reasons set forth in the Magistrate Judge's report and recommendation, § 2254 relief is denied.

      In his § 2254 petition, Lynch alleged that the state court imposed his twenty-year sentence contrary to Blakely v. Washington, 542 U.S. 296 (2004). The state courts' decisions denying Lynch relief on this same claim were not

"contrary to, [n]or an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Because Lynch's conviction became final prior to the time that the Supreme Court decided Blakely, that decision does not apply retroactively to Lynch's case.[1] See United States v. Price, 400 F.3d 844, 844 (10th Cir.) (denying petition for rehearing), cert. denied, 126 S. Ct. 731 (2005). In any event, Lynch is not entitled to relief based upon Blakely or the Supreme Court authority preceding Blakely.

Accordingly, the Magistrate Judge's report is adopted, his recommendation is accepted, § 2254 relief is denied, and the habeas petition is dismissed with prejudice. The Clerk of the Court is DIRECTED TO ENTER JUDGMENT in accordance with this order.

Dated: March 15, 2007

BY THE COURT:

/s/ David M. Ebel

DAVID M. EBEL
UNITED STATES CIRCUIT JUDGE

---

[1] While ordinarily a state conviction becomes final for retroactivity purposes "when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally denied," Caspari v. Bohlen, 510 U.S. 383, 391 (1994), in this case Lynch did not pursue a direct appeal. For retroactivity purposes, therefore, Lynch's conviction became final after the time for pursuing a direct appeal had passed. See United States v. Bellamy, 411 F.3d 1182, 1186 (10th Cir. 2005).